# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| AMANDA ANSORGE, | ) |
|     Plaintiff, | ) CIVIL COMPLAINT |
| v. | ) |
| | ) CASE NO. 1:19-CV-798 |
| UNIFUND CCR PARTNERS; PALISADES COLLECTION, LLC; and CLIFFS PORTFOLIO ACQUISITION I, LLC, | ) |
| | ) **JURY DEMAND** |
|     Defendant. | |

## COMPLAINT

Now comes AMANDA ANSORGE ("Plaintiff"), complaining as to the conduct of UNIFUND CCR PARTNERS ("UNIFUND"), PALISADES COLLECTION, LLC ("Palisades"), and CLIFFS PORTFOLIO ACQUISITION I ("Cliffs," collectively, "Defendants").

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants conduct business in the Northern District of Ohio and a substantial portion of the events giving rise to the claims occurred within the Northern District of Ohio.

## PARTIES

4. Plaintiff is a natural person residing in Lake County, Ohio.

5. Defendant Unifund is an Ohio general partnership with its headquarters in Cincinnati, Ohio.

6. Defendant Unifund is a debt collector. *Unifund*, Unifund (*last visited* April 9, 2019), http://www.unifund.com/ ("Unifund CCR Partners and Unifund CCR, LLC are debt collectors.").

7. Defendant Palisades is a Delaware limited liability company with its headquarters in Englewood Cliffs, New Jersey.

8. Defendant Palisades is a debt collector. *Palisades Collection L.L.C.*, Utah Secretary of State (*last visited* April 9, 2019), https://secure.utah.gov/bes/details.html?entity=4969241-0131 ("Company Type: Collection Agency – Foreign").

9. Defendant Cliffs is a Delaware limited liability company with its headquarters, on information and belief, in Englewood Cliffs, New Jersey.

10. Cliffs is, on information and belief, a debt collector.

## FACTS SUPPORTING CAUSES OF ACTION

11. On June 30, 1999, while living in Mentor, Ohio, Plaintiff purportedly opened an account with Citibank.

12. On or about May 31, 2000, Plaintiff's purported account was charged off.

13. The account was subsequently transferred to an affiliate of Defendant Unifund.

14. On information and belief, this affiliate was either Defendant Palisades or Defendant Cliffs.

15. In or about April of 2007, Plaintiff moved to Las Vegas, Nevada, where she attended Pima Medical Institute.

16. On December 26, 2007, Unifund, styling itself "Unifund CCR Partners Assignee of Palisades Collection, LLC," filed a suit against Plaintiff on the purported account in the Mentor County Municipal Court (the "state court action").

17. On January 8, 2008, a summons was issued in the state court action by certified mail to Plaintiff's former address in Mentor, Ohio.

18. On January 10, 2008, the summons was returned unexecuted and docketed with a note reading "unable to forward."

19. On January 17, 2008, the summons was reissued by regular mail to Plaintiff's former address in Mentor, Ohio.

20. On April 8, 2008, Unifund filed for a default judgment in the state court action.

21. On April 16, 2008, Unifund's motion for default judgment was granted.

22. Unifund then made an attempt to garnish Plaintiff's wages. This attempt failed because Plaintiff was no longer employed by the entity served.

23. Plaintiff moved back to Ohio in late November of 2009, having completing her Pima Medical Institute program.

24. On June 6, 2016, Unifund moved for a revivor of the 2008 default judgment.

25. On June 13, 2016, Plaintiff was properly served by certified mail with the motion for revivor.

26. This was the first notice Plaintiff received of the state court action or the underlying purported debt.

27. On July 11, 2016, Plaintiff, acting pro se, filed an objection to the revivor.

28. On August 22, 2016, the judgment was revived over Plaintiff's objection.

29. Unifund then made another attempt to garnish Plaintiff's wages but was unable to serve her employer.

30. On January 17, 2019, Unifund filed another attempted garnishment.

31. On February 2, 2019, Unifund successfully served Plaintiff's current employer.

32. On February 5, 2019, Plaintiff, acting pro se, filed a request for a wage garnishment hearing, citing the fact that she had never been properly served with the lawsuit.

33. On February 28, 2019, Unifund filed its response to Plaintiff's request for a wage garnishment hearing.

34. In that response, Unifund stated that "[Plaintiff] was timely and properly served with a copy of the Summons and Complaint, in accordance with Ohio Rules of Civil Procedure Rule 4.2."

35. On March 28, 2019, Plaintiff, acting pro se, filed a motion to vacate the original judgment in the state court action.

36. On April 3, 2019, Plaintiff, acting pro se, filed an amended motion to vacate the original judgment in the state court action.

37. On April 3, 2019, counsel for Unifund mailed to Plaintiff a letter stating that Plaintiff owes $7,275.82 on the purported account.

38. Neither the April 3 letter, nor any other communication from Unifund, explains how the $7,275.82 figure was arrived at.

39. Plaintiff has been unable to reconstruct any sequence of charges and interest that gives such a figure.

40. The April 3 letter also stated that the "Current Creditor to Whom Debt is Owed" is Defendant Cliffs.

41. The April 3 letter, and the state court action, however, both refer to Unifund as the "Assignee" of Defendant Palisades, rather than of Defendant Cliffs.

42. The April 3 letter further states that an "affiliate" of Unifund "acquired" the purported debt and "assigned" it to Unifund, indicating that Palisades, for whom Unifund is purportedly an assignee, in fact owns the debt.

43. Plaintiff has been unable to determine whether her purported debt actually belongs to Cliffs or to Palisades.

44. This action follows.

## COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff realleges the paragraphs above as though fully set forth herein.

46. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

47. Defendants are "debt collector[s]" as defined by § 1692a(6) of the FDCPA because the principal purpose of their businesses is the collection of debts, and because Defendants use the instrumentalities of interstate commerce to do so. In the alternative, Defendants are "debt collector[s]" under § 1692(a)(6) because they regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

48. Because Palisades and Cliffs are debt collectors, they are vicariously liable for debt collection actions taken by Unifund while acting on their behalf. "[A]n entity that is itself a 'debt collector'—and hence subject to the FDCPA—should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf." *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. 2000).

49. The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, being in this case a purported debt arising from the purchase of goods and services for personal purposes.

   a. **Violations of FDCPA § 1692e(2).**

50. The FDCPA, pursuant to 15 U.S.C. § 1692(e)(2)(A), prohibits "[t]he false representation of the character, amount, or legal status of any debt."

[ 6 ]

51. On information and belief, Defendants falsely represented the amount of the debt on which Plaintiff purportedly owes when Unifund, through counsel, stated the amount was $7,275.82.

52. On information and belief, Defendants falsely represented the legal status of the debt on which Plaintiff purportedly owes when Unifund, through counsel, stated that the current creditor to whom the debt is owed is Cliffs.

53. In the alternative, on information and belief, Defendants falsely represented the legal status of the debt on which Plaintiff purportedly owes when Unifund, through counsel, stated that Unifund was acting as assignee of Palisades and implied that Palisades was the current owner of the purported debt.

54. The natural consequence of Defendants' acts was to confuse, harass, intimidate, and worry Plaintiff.

   b. **Violation of § 1692(10).**

55. The FDCPA, pursuant to 15 U.S.C. § 1692(e)(10), prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."

56. False statements to a court in the process of attempting to collect a debt via suit can violate § 1692e(10). *Williams v. Javitch, Block & Rathbone, LLP*, 480 F.Supp.2d 1016, 1021–23 (S.D. Ohio 2007).

57. Plaintiff was never properly served with the summons in the state court action.

58. Plaintiff, living in Nevada at the time, would have to have been served under Ohio Rules of Civil Procedure Rule 4.3.

[ 7 ]

59. Defendants therefore violated this provision when Unifund, through counsel, stated, "[Plaintiff] was timely and properly served with a copy of the Summons and Complaint, in accordance with Ohio Rules of Civil Procedure Rule 4.2."

60. The natural consequence of Defendants' act was to mislead the state court and cause the improper garnishment of Plaintiff's wages. Defendants' act further cause Plaintiff frustration, confusion, and emotional distress.

### COUNT II — VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

61. Plaintiff realleges the paragraphs above as though fully set forth herein.

62. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

63. Plaintiff is a "person" as defined by R.C. 1345.01(B).

64. Defendants are "supplier[s]" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

65. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

66. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendants for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

67. Defendants committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendants engaged in acts and practices in violation of the FDCPA as set forth above.

68. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq.* *See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

69. Defendants committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

70. Defendants' actions therefore violated the CSPA, and Plaintiff is entitled to compensation.

71. Under the CSPA, the Court may award a multiplier for attorney fees for contingency fee cases, such as this one. *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 383 (6th Cir. 1993) (citing *Bittner v. Tri-Cty. Toyota, Inc.*, 569 N.E.2d 464 (Ohio 1991)).

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.**    Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    **b.**    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **c.**    Awarding Plaintiff actual damages, as provided under 15 U.S.C. § 1692k(a)(1);

    **d.**    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

**e.** Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees;

**f.** Awarding Plaintiff's counsel an enhancement or multiplier of attorney fees of not less than 1.5 pursuant to the CSPA;

**g.** Awarding Plaintiff the costs of this action; and

**h.** Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  April 10, 2019

By:  s/ Geoffrey Parker

Geoffrey Parker (0096049)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
gparker@hiltonparker.com
*Attorney for Plaintiff*